IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRANDON LEE ROANE, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>GRMC, INC., doing business as "Garrett Regional Medical Center"<br><br>　　　　　　　　Defendant. | Case No. 1:24-cv-00141-SAG<br><br>Judge Stephanie A. Gallagher |

## MOTION TO REMAND OR, IN THE ALTERNATIVE, MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiff, Brandon Lee Roane, an individual, on behalf of himself and all others similarly situated ("Mr. Roane"), by and through his undersigned attorneys, pursuant to 28 U.S.C. §1441, respectfully moves this Court to remand the instant action to state court, or in the alternative, leave to obtain jurisdictional discovery, and in support thereof would show as follows:

1.  On November 20, 2023, Mr. Roane filed a class action against Defendant, GRMC, Inc., a Maryland corporation, doing business as "Garrett Regional Medical Center" ("GRMC"), in the Circuit Court, in and for Garrett County, Maryland.

2.  On January 16, 2024, GRMC filed a Notice of Removal to this Honorable Court [DE – 1].

3.  In the Notice of Removal, GRMC asserted that federal jurisdiction existed based on 28 U.S.C. §1441, known more commonly as the "Class Action and Fairness Act" ("CAFA").

4.  As argued below, GRMC did not offer any evidence to support jurisdiction under CAFA. The removal was without a supporting declaration to show size class, demographics or amount in controversy.

1

5.     At a minimum, Mr. Roane should be entitled to limited jurisdictional discovery to determine whether the representations by GRMC support removal under CAFA. This position is especially compelling as GRMC is a Maryland hospital providing health care services primarily to Maryland residents.

## MEMORANDUM OF LAW

"CAFA gives federal courts original jurisdiction over class actions that have a class of over 100 members, minimal diversity between the parties, and an amount in controversy of more than $5 million. *See* 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85 (2014). "The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citation omitted). A federal court, like this one, has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a party seeks to proceed in federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"Jurisdictional discovery 'is appropriate when the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 15 (D.D.C. 2010) (*citing Trintec Indus., Inc. v. Pedre Promotional Prod, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005)). Courts often allow jurisdictional discovery to proceed, so that "both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

In this instant matter, jurisdictional discovery is appropriate as to the questions of (a) minimal diversity, (b) numerosity, (c) and amount-in-controversy. Moreover, jurisdictional discovery is appropriate as to the "exceptions" contained in the relevant statute. *See* 28 U.S.C. § 1332(d).

**A. Jurisdictional Discovery is Appropriate to Determine Questions of Jurisdiction**

*1. Jurisdictional Discovery Is Appropriate as to Diversity*

Defendant attempts to create minimal diversity by merely stating that Plaintiff "plausibly alleges enough facts to draw the reasonable inference that there is at least one class member that is a citizen of a state besides Maryland." *See* Dkt. #1 at 6, ¶ 19. However, Defendant admits, as it must, that both Plaintiff is a resident of Maryland and "Defendant is a Maryland citizen for diversity purposes." *Id.* at ¶ 18. Defendant provides services to customers on site at its physical location in Maryland. Defendant's customers are drawn from the local area and therefore expected to be residents of Maryland by default. The Plaintiff and purported class members are a subset of this customer base. There is no evidence or specific allegation made that any purported class member was a citizen of a state other than Maryland.

Defendant is the only party that would have data sufficient to determine the residency of the purported class members. Moreover, the parties would likely make this determination quickly and simply, referring to internal records that are almost easily accessible to Defendant.

Other Judges in this District have ordered jurisdictional discovery in similar instances. In a similar case before Judge Messitte, it was determined that where "the Court cannot decide if any CAFA exceptions apply without further information about the makeup of the proposed class" discovery is appropriate. *Bryant v. GEICO Cas. Co. Ne*, No. 22-cv-3310, 2023 U.S. Dist. LEXIS 77003, at *2 (D. Md. May 1, 2023). This is particularly true where "Defendants have exclusive

possession of this information and that they will be able to produce documents in response to the limited discovery requests without undue burden." *Id.* A similar result is appropriate here.

### 2. Jurisdictional Discovery Is Appropriate as to Class Size

While Plaintiff has speculated as to possible class size, similar to questions of residency, Defendant is again the only party that would know the specific size of the class. Defendant has complete and exclusive control of the records that would demonstrate the number of class members that would be relevant in this action. Again, Defendant could access these records during a brief jurisdictional discovery period to allow the court to come to the most appropriate result.

### 3. Jurisdictional Discovery is Appropriate as to Amount-In-Controversy

Defendant admits that "the Complaint does not specifically identify the amount of damages Plaintiff and the putative class members seek in this action." *See* Dkt. #1 at 11, ¶ 39. Defendant accordingly engages in highly speculative mathematical exercises to conclude that the amount in controversy is approximately $19 Million. *Id.* at ¶ 42. It is no surprise that the Defendant uses speculative numbers, instead of more accurately calculating damages based on their own internal records.

The Supreme Court stated in *Dart* that "[i]n such a case [when the defendant's assertion of the amount in controversy is challenged], both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d 1193, 1199 n.4 (*citing Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81 (2014)). "[U]nder this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.

The law is clear that the parties should have the opportunity to submit evidence outside the complaint, including affidavits, declarations, and "summary-judgment-type evidence, relevant to

the amount in controversy at the time of removal." *Lanham v. Nationstar Mortg., LLC*, 169 F. Supp. 3d 658, 665 (S.D. W. Va. 2016) (*citing Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (citations omitted)

For avoidance of doubt, Plaintiff expressly challenges the amount-in-controversy proposal set forth by Defendant and Plaintiffs contend that the amount is less than $5 million. Discovery is appropriate to allow the parties to meet the evidentiary standards supported by the Supreme Court. Only then may this Court make an informed finding.

**B. Jurisdictional Discovery is Appropriate to Determine CAFA Exceptions**

Even if Defendant satisfies its burden to demonstrate a prima facie jurisdictional case, a plaintiff may still prevail on a motion to remand by proving one of the "CAFA Exceptions." *See* 28 U.S.C. § 1332(d).

Defendant's Notice of Removal is notably silent on these issues, likely because Defendant knows, by way of review in its own internal records, that one or more exceptions is likely to apply in this case.

*1. Home-State Controversy Exception*

"A district court shall decline to exercise jurisdiction . . . [when] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *See* 28 U.S.C. § 1332(d)(4)(B). Stated differently, Court *must* decline jurisdiction if: (1) two-thirds or more of the members of all the purported classes in the aggregate and (2) the primary defendant(s) … are citizens of Maryland.

In this case, it is undisputed that the "primary defendant" is domiciled in Maryland. Accordingly, if Plaintiff demonstrates that two-thirds of the class are Maryland residents, and it is expected that such a demonstration is likely, jurisdiction would not be appropriate.

This Court previously found that the citizenship inquiry under CAFA's exceptions should be guided by practicality and reasonableness. *Bryant v. GEICO Cas. Co.*, Civil Action No. 22-3310-PJM, 2023 U.S. Dist. LEXIS 216571, at *13 (D. Md. Dec. 5, 2023) (*citing Mason v. Lockwood, Andrews & Newtnan, P.C.*, 842 F.3d 383 (6th Cir. 2016). Other Judges in this Circuit have engaged in a similar tact when evaluating CAFA exceptions. *See Russo v. Eastwood Constr. Partners, LLC*, No. 2:22-cv-1686-DCN, 2023 U.S. Dist. LEXIS 38702 (D.S.C. Mar. 7, 2023); *Cook v. S.C. Pub. Serv. Auth.*, No. 6:19-cv-03285-TLW, 2020 U.S. Dist. LEXIS 32764 (D.S.C. Jan. 21, 2020).

When Plaintiffs have the opportunity to provide relevant evidence, a court may be "satisfied that Plaintiffs have presented sufficient evidence to show that two-thirds of the proposed class are domiciled in Maryland and, therefore, remand to the Circuit Court for [Garrett] County is appropriate." *Bryant v. GEICO Cas. Co.*, Civil Action No. 22-3310-PJM, 2023 U.S. Dist. LEXIS 216571, at *15 (D. Md. Dec. 5, 2023). Courts can draw such conclusions by way of a "review of Defendants' proprietary data." *Id.* A similar result is appropriate here.

*2. Discretionary Home-State Controversy Exception*

In the Court's discretion, jurisdiction *may* be declined when (1) greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and (2) the primary defendant(s) are citizens of the state in which the class action was originally filed. *See* 28 U.S.C. § 1332(d)(3). In evaluating this question, the Court must consider six factors set out in the relevant statute. *See* 28 U.S.C. § 1332(d)(3)(a) *et seq.* Again, jurisdictional discovery would assist

6

the court in making a jurisdictional determination under this possible jurisdictional exception. Not only will the numerical questions be resolved, but discovery may assist the court in considering the other relevant factors set out in the statute.

*3. Local Controversy Exception*

Finally, the Court must decline jurisdiction where the "local controversy" exception applies. *See* 28 U.S.C. § 1332(d)(4)(A). Again, this jurisdictional question would directly benefit from jurisdictional discovery, particularly as to the empirical question of relevant percentages of applicable class members.

**C. Jurisdictional Discovery is Broadly Appropriate in the Instant Case**

As demonstrated, there are colorable disagreements between the parties about federal jurisdiction in this case. Other Courts, including the United States Supreme Court, recognize that jurisdictional issues may require evidentiary showings to properly resolve these jurisdictional questions. Plaintiff is prepared to undertake targeted and timely discovery procedures that will allow the court to determine the proper jurisdictional status in the instant case. An appropriate order should be issued.

## CONCLUSION

In accordance with the above argument, Plaintiff requests this Court to remand the instant action to state court, or in the alternative, leave to obtain jurisdictional discovery.

Respectfully submitted,

*/s/ Robert W. Murphy*_____
ROBERT W. MURPHY
Law Office of Robert W. Murphy
VA Bar No.: 96230
440 Premier Circle, Suite 240
Charlottesville, Virginia 22901
Telephone: (434) 328-3100
rwmurphy@lawfirmmurphy.com

Arnold J. Abraham, Esq.
MD Bar No 1706200002
CyberLaw, LLC
220 N. Liberty Street
Baltimore MD 21201
Phone: (443) 906-3495

Eric Menhart, Esq.
MD Bar No 060613015
Lexero Law
512 C Street, NE
Washington, DC 20002
Phone: (855) 453-9376

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document will be furnished, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

*/s/ Robert W. Murphy*
Attorney