# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Gilbert S. Keteltas
direct dial: 202.861.1530
gketeltas@bakerlaw.com

February 28, 2024

**Filed by ECF**

Hon. Stephanie A. Gallagher
U.S. District Court
101 West Lombard Street
Chambers 7C
Baltimore, MD 21201

Re:   Roane v. GRMC, Inc., Case No. 1:24-cv-00141-SAG

To the Honorable Stephanie A. Gallagher:

I write on behalf of Defendant GRMC, Inc. in response to the Motion to Remand to State Court filed by Plaintiff Brandon Lee Roane in the above-captioned matter on February 15, 2024. (ECF 11.) As explained more fully below, this Court lacks jurisdiction over Plaintiff's Motion because the case has been transferred to the District of Massachusetts for inclusion in the MOVEit MDL.

Plaintiff originally filed his Complaint against GRMC, Inc. in the Garrett County Circuit Court bringing claims related to the May 2023 MOVEit security incident. (ECF 1, Ex. A.) On January 16, 2024, Defendant timely removed Plaintiff's case to the District of Maryland. (ECF 1.) By this time, the Judicial Panel on Multidistrict Litigation (JPML) had already centralized all actions related to the MOVEit incident in the United States District Court for the District of Massachusetts. *See In re: MOVEit Customer Data Security Breach Litigation* (MDL 3083). On January 19, 2024, the JPML issued an order conditionally transferring Plaintiff's case related to the MOVEit incident to the District of Massachusetts. Plaintiff filed a notice opposing transfer but ultimately failed to file the requisite motion to vacate. Thus, on February 13, 2024, the JPML lifted the stay on its Conditional Transfer Order and officially transferred Plaintiff's case to the District of Massachusetts for inclusion in the coordinated pretrial proceedings in the MOVEit MDL presided over by the Honorable Allison D. Burroughs. (Transfer Order, attached hereto as Exhibit A.) Two days later, Plaintiff filed a motion in this Court seeking remand to state court. (ECF 11.)

Because Plaintiff waited to file a motion to remand until after his case had already been officially transferred to the MDL, this Court no longer has jurisdiction over his motion. *See Rio de Janeiro of Federated Republic of Brazil v. Philip Morris Inc.*, 239 F.3d 714, 715 (5th Cir. 2001) ("[P]anel practice contemplates that a district court may remand a removed case to state court before its transfer order under 28 U.S.C. § 1407 becomes effective."); *St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F. Supp. 2d 596, 600 (2011) (similar); *City of Galax, Virginia v. Purdue Pharma, L.P.*, 2019 WL 653010, at *3 (W.D. Va. Feb. 14, 2019) ("If and when a final transfer order is issued, however, this court will have no authority to address motions to remand."). Should Plaintiff wish to continue to pursue remand of his claims to state court, he must do so before the MDL Court.

Thank you for your attention to this matter.

    Sincerely,

    */s/ Gilbert S. Keteltas*
    Gilbert S. Keteltas
    Baker & Hostetler LLP
    1050 Connecticut Ave. NW, Suite 1100
    Washington, D.C. 20036
    Tel: 202.861.1530
    Fax: 202.861.1783
    Email: gketeltas@bakerlaw.com

    *Attorney for GRMC, Inc.*